UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| ILLINOIS FARMERS INSURANCE COMPANY,  )<br>)<br>Plaintiff,  )<br>)<br>vs.  )<br>)<br>CHARLES R. PHELPS, JR. PERSONAL )<br>REPRESENTATIVE OF THE ESTATE OF )<br>CHARLES PHELPS III AND GUARDIAN )<br>OF C.P.,  )<br>)<br>Defendant.  )<br>_____ )<br>)<br>CHARLES R. PHELPS PERSONAL  )<br>REPRESENTATIVE OF THE ESTATE OF )<br>CHARLES PHELPS III AND GUARDIAN )<br>OF C.P.,  )<br>)<br>Counter Claimant,  )<br>)<br>vs.  )<br>)<br>) | No. 1:14-cv-02018-SEB-TAB |

**ORDER ON PLAINTIFF'S MOTION TO STAY DISCOVERY**

The Court is called upon to determine whether discovery should be stayed until the pending motion for judgment on the pleadings is resolved. [Filing No. 35.] The Court concludes discovery should not be stayed.

This case arises out of a bus accident resulting in injuries to C.P. and as well as the deaths of C.P.'s mother and father. The bus was insured by Plaintiff, who is pursuing a declaratory judgment concerning its liability to C.P. and the estates of C.P.'s parents. Defendant—representing C.P. and the estate of C.P.'s father—counterclaimed for breach of contract and bad

faith.  Plaintiff then moved for judgment on the pleadings, followed by this motion to stay discovery.  The question presented here is whether a discovery stay is appropriate.

The court has broad discretion in matters relating to discovery.  Fed. R. Civ. P. 26(c); *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002).  Courts often stay discovery while a dispositive motion is pending, but it is not automatic or mandatory.  *Id.; e.g., Sanders v. City of Indianapolis,* No. 1:09-cv-0622, 2010 WL 1410587, at *1 (N. D. Ind. April 2, 2010).  A court may limit the scope of discovery to protect a person from "annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).  Public policy favors disclosure of relevant materials.  *Patterson,* 281 F.3d at 681.

A stay of discovery is not appropriate here.  Defendant wishes to take depositions related to the bad faith and coverage claims of C.P. and C.P.'s father.  Plaintiff argues these depositions would be an unnecessary expense in the event its motion for judgment on the pleadings were granted.  Yet it is uncontested that if Plaintiff receives all the relief requested in its motion for judgment on the pleadings, C.P. will still have live claims.  According to Defendant, the depositions are relevant to C.P.'s claims and have already been noticed.  This undermines Plaintiff's argument.  The expense of the depositions would not be alleviated with a discovery stay because Defendant intends to take the depositions regardless of the outcome of Plaintiff's pending motion.

Plaintiff also argues that Defendant's discovery requests are intended to harass.  But this allegation is only supported by the fact that Defendant's motion for summary judgment is included C.P.'s claims.  Plaintiff argues this calls into question C.P.'s discovery requests related to those claims.  But without more, the Court struggles to find that Defendant requested relevant depositions with the intention to harass.

Overall, the Court is not persuaded that a stay of discovery appropriate. C.P.'s benefit claim will survive the pending judgment on the pleadings. Depositions related to the bus accident are relevant to C.P.'s claim. Thus, a stay of discovery would merely delay inevitable discovery.

Plaintiff's motion to stay discovery [Filing No. 35] is therefore denied.

Date: 10/7/2015

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

David Jonathan Karnes
DENNIS WENGER & ABRELL PC
karnesd@dwapc.com

Robert Scott O'Dell
O'DELL & ASSOCIATES, P.C.
rodell@odell-lawfirm.com

Laura Sue Reed
RILEY BENNETT & EGLOFF LLP
lreed@rbelaw.com